IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BASS PRO INTELLECTUAL PROPERTY, L.L.C., a Missouri limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE |
| v. | ) ) ) | NO.   3:23-cv-00324 DEMAND FOR JURY TRIAL |
| ASCEND APPAREL LLC, a North Carolina limited liability company, KIMANI BETHUNE-JONES, an individual, and SALIM COLLINS, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Bass Pro Intellectual Property, L.L.C. ("Bass Pro" or "Plaintiff") states the following for its Complaint against Defendants Ascend Apparel LLC ("Defendant AAL"), Kimani Bethune-Jones ("Jones"), and Salim Collins ("Collins") (collectively, "Defendants"):

## INTRODUCTION

1.     This is an action for trademark infringement and dilution, unfair competition, and deceptive trade practices arising from Defendants' unlawful use of Bass Pro's trademarks, color schemes, and other source-identifying indicia on Defendants' apparel and other merchandise.  The claims alleged in this Complaint

1

arise under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.*; and the common law of North Carolina.

## THE PARTIES

2.    Plaintiff Bass Pro is a Missouri limited liability company with its principal place of business in Springfield, Missouri.

3.    Upon information and belief, Defendant AAL was a North Carolina limited liability company with its principal place of business at 6221 Creek Park Drive, Charlotte, North Carolina, 28262-4258. According to the North Carolina Secretary of State website, Defendant AAL was administratively dissolved on or about February 28, 2023. However, as of the date of this Complaint, Defendant AAL continues to offer for sale apparel and merchandise on its interactive website, *i.e.*, www.ascendapparelllc.com.

4.    Upon information and belief, Defendant Jones is an individual of the full age of majority residing in Charlotte, North Carolina, and at all times relevant to this Complaint, is and was a principal of Defendant AAL. Further, upon information and belief, Defendant Jones is a principal and corporate officer of Defendant AAL. Upon information and belief, Defendant Jones directed, controlled, participated in, performed, authorized, approved, ratified, actively and knowingly caused, and was a moving, active, conscious force behind the acts of Defendant AAL

2

—as well as acts of infringement in his individual capacity—as addressed in this Complaint.

5.     Upon information and belief, Defendant Collins is an individual of the full age of majority residing in Charlotte, North Carolina, and at all times relevant to this Complaint, is and was a principal of Defendant AAL. Further, upon information and belief, Defendant Collins is a principal and corporate officer of Defendant AAL. Upon information and belief, Defendant Collins directed, controlled, participated in, performed, authorized, approved, ratified, actively and knowingly caused, and was a moving, active, conscious force behind the acts of Defendant AAL —as well as acts of infringement in his individual capacity—as addressed in this Complaint.

## JURISDICTION AND VENUE

6.     This court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the claims under North Carolina law pursuant to 28 U.S.C. §§ 1338 and 1367(a).

7.     This court has personal jurisdiction over the Defendants because the Defendants (a) committed actions of trademark infringement in this judicial district; (b) operate an interactive website that allows consumers to purchase Defendants' products in this judicial district, *i.e.*, www.ascendapparelllc.com; (c) on information

and belief, regularly transact business, solicit business, and derive substantial revenue from goods used in North Carolina and this judicial district; and (d) cause injury to Plaintiff by their acts in this judicial district.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because (a) Defendants reside in this District, (b) a substantial part of the events giving rise to the claims asserted herein occurred in this District, and (c) because Defendants are doing and transacting business in this judicial district and are subject to personal jurisdiction in this judicial district.

## BASS PRO'S ACTIVITIES AND TRADEMARKS

9. In 1972, Johnny Morris started Bass Pro Shops as a small store in Springfield, Missouri. Since 1972, Bass Pro has provided high quality sporting and outdoor services and products. Over the years, Bass Pro has grown to become one of the largest retailers of outdoor and sporting equipment in the United States and has stores across the globe.

10. Since at least 2010, Bass Pro has marketed, offered for sale, and sold a line of apparel under its Ascend brand. Examples of this apparel are shown below.





11.    Bass Pro is the owner of the federal trademark registrations in the table

below, which the U.S. Patent and Trademark Office issued on the listed date.

| Mark | Reg. No. | Issue Date | Goods |
|---|---|---|---|
| ASCEND | 4,112,153 | March 13, 2012 | IC 018: Backpacks, daypacks, duffle bags, luggage, dry bags, hydration packs, namely, backpack hydration systems consisting of a backpack, a reservoir and a mouthpiece connected to the reservoir by a tube, hiking staffs.<br><br>IC 020: Sleeping bags, sleeping pads, camping chairs, stools, and cots.<br><br>IC 021: Plastic and stainless steel water bottles sold empty.<br><br>IC 025: Apparel, namely, tops, tee shirts, woven shirts, knit shirts, pants, shorts, sweatshirts, sweaters; layering tops and bottoms; caps; headbands; beanies; gloves; footwear, namely, hiking boots |
| ASCEND | 3,891,453 | December 14, 2010 | IC 022: Tents |
| ASCEND | 4,003,405 | July 26, 2011 | IC 012: kayaks |
| ASCEND | 4,050,082 | November 1, 2011 | IC 012: Kayak paddles |
| ASCEND | 4,764,240 | June 30, 2015 | IC 012: Canoes |
| | 4,764,241 | June 30, 2015 | IC 012: Canoes |

Collectively, these trademarks are referred to herein as "the Ascend Marks." True and correct copies of the certificates of registration for the Ascend Marks are attached hereto as Exhibit A.

12. In addition, Bass Pro has filed with the U.S. Patent and Trademark Office an appropriate declaration under Section 15 of the Lanham Act with respect to each of the federal registrations for its Ascend Marks. Each of the foregoing registrations therefore has become incontestable in accordance with Section 15 of the Lanham Act, 15 U.S.C. § 1065, and each is conclusive evidence of the validity of the registered mark and of the registration of the mark, of Bass Pro's ownership of the registered mark, and of Bass Pro's exclusive right to use the registered mark in commerce in connection with the goods and/or services identified therein.

13. Bass Pro has invested considerable resources in developing, marketing, promoting and advertising its Ascend Marks and branded goods and services. Bass Pro has extensively used, advertised, promoted and offered its goods bearing the Ascend Marks to the public through various channels of trade in interstate commerce. As a result, Bass Pro's customers and the public in general have come to know and recognize the Ascend Marks and associate the same exclusively with Bass Pro and/or goods sold or offered by Bass Pro.

14. Bass Pro has established substantial goodwill associated with its Ascend Marks.

15.     As a result of such longstanding, widespread, extensive, and continuous use, Bass Pro enjoys well-established and exclusive rights in and to each of the Ascend Marks for its goods.  Each of the Ascend Marks identifies and distinguishes the goods and services of Bass Pro from the goods, services, and businesses of others; symbolizes the goodwill of Bass Pro; and is well known nationwide.  As a result, each of the Ascend Marks is of great value to Bass Pro in connection with Bass Pro's goods and services.

16.     As a result of the longstanding, widespread, continuous, and extensive use of the Ascend Marks by Bass Pro, each of the Ascend Marks has become well and favorably known for a wide variety of goods and services.  And, each of the Ascend Marks has come to represent goods and services of high quality, and is associated with goods and services provided or authorized by Bass Pro.

## DEFENDANTS' INFRINGING CONDUCT

17.     Subsequent to Bass Pro's adoption and use of the Ascend Marks, Defendants commenced selling apparel and other merchandise that infringe Bass Pro's rights in and to the Ascend Marks.  Such use is without Bass Pro's consent or permission.

18.     Defendants' merchandise incorporates the Ascend Marks or confusingly similar imitations thereof.  Consumers are likely to believe that Bass

Pro would naturally include in its offerings—or expand its offerings to include—designs similar to those produced by Defendants.

19.    By way of example, Defendants have sold or offered for sale on their website www.ascendapparelllc.com the following apparel and other merchandise under the brand name "Ascend":





Additional examples of Defendants' infringing conduct are included in Exhibit B.

20.     Defendants' infringement of the Ascend Marks further extends to the use of the term "ascend" in the URL for Defendants' website, www.ascendapparelllc.com.

21.     Defendants' products are not manufactured by Bass Pro, nor has Bass Pro licensed, authorized, sponsored, endorsed, or approved of Defendants' products.

22.     Defendants' products are similar to, and compete with, goods sold by Bass Pro, and are sold through the same channels of trade.

23.     Defendants' products are likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that Defendants' products were produced, authorized, or in some manner associated with Bass Pro.  The likelihood of confusion, mistake, and deception engendered by Defendants' products is causing irreparable harm to Bass Pro.

24.     Defendants knew or should have known of Bass Pro's prior use and/or federal registrations of the Ascend Marks.  A simple search on the U.S. Patent and Trademark Office website would have shown Bass Pro's federal registrations for the Ascend Marks, and an internet search would have shown Bass Pro's extensive prior use in commerce.

25.     In addition, prior to filing this action, Bass Pro notified Defendants of Bass Pro's exclusive rights to the Ascend Marks on several occasions, and demanded that Defendants cease using the Ascend Marks in connection with their apparel and merchandise.  Defendants have nonetheless continued using the Ascend Marks and declined to engage in any substantive dialog with Bass Pro.

26.     Defendants knew, or should have known, that their use of the Ascend Marks would likely cause confusion, mistake, or deception among the relevant public.

27.     On information and belief, Defendants' wrongful acts alleged herein have been deliberate, willful, and in disregard of Bass Pro's rights.  Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn revenues and profits on the strength of Bass Pro's marketing, advertising, consumer recognition, and goodwill associated with its Ascend Marks.

28.     By reason of Defendants' wrongful acts alleged herein, Bass Pro is likely to suffer, has suffered, and will continue to suffer damage to its business, trade,

reputation, and goodwill as a result of the erroneous perception that Defendants and/or the goods and services offered by Defendants are affiliated with, sponsored by, approved by, or originate from Bass Pro.

29.    The harm to Bass Pro caused by the use and promotion of the infringing products by Defendants is irreparable and will continue unless and until this Court enjoins Defendants.

30.    On information and belief, Defendants Jones and Collins have directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and were the moving, active, conscious forces behind the acts of Defendant AAL.    For example, on information and belief, Defendants Jones and Collins regularly promote Defendants' infringing products on their respective individual Twitter feeds, as shown in the following example images:





31.     As corporate officers who direct, control, ratify, participate in, and/or are the moving forces behind the infringing activity of Defendant AAL, Defendants Collins and Jones are personally liable for such infringement without regard to piercing of the corporate veil.

**FIRST CLAIM**
**Federal Trademark Infringement, 15 U.S.C. § 1114(1)**
**(Against All Defendants)**

32.     Bass Pro restates and re-alleges paragraphs 1-29 of this Complaint as to Defendant AAL and paragraphs 1-31 of this Complaint as to Defendants Collins and Jones.

33.     Defendants' unauthorized use of marks that are the same as, or confusingly similar to, Bass Pro's federally registered trademarks in connection with Defendants' apparel and merchandise constitutes a use in commerce that is likely to cause confusion, mistake, and deception as to (i) the source or origin of Defendants'

products, (ii) whether Defendants are affiliated with Bass Pro, and (iii) whether Defendants' products are authorized by Bass Pro.

34.     Defendants' conduct as described above constitutes infringement of the Ascend Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35.     Defendants' use of Bass Pro's federally registered trademarks was undertaken and/or continued with full knowledge of Bass Pro's rights, thus constituting willful infringement.

36.     Bass Pro has been damaged by the wrongful conduct of Defendants as alleged above.

37.     By reason of Defendants' wrongful conduct, Bass Pro is entitled to recover Defendants' wrongful profits and Bass Pro's actual damages, plus enhanced damages and attorneys' fees and costs as an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117(a).

38.     Defendants' wrongful conduct has caused and, without judicial intervention, will continue to cause Bass Pro irreparable harm for which there is no adequate remedy at law.

**SECOND CLAIM**
**Federal Unfair Competition and False Designation of Origin,**
**15 U.S.C. § 1125(a)**
**(Against All Defendants)**

39. Bass Pro restates and re-alleges paragraphs 1-29 of this Complaint as to Defendant AAL and paragraphs 1-31 of this Complaint as to Defendants Collins and Jones.

40. Defendants' unauthorized use of marks that are the same as, or confusingly similar to, the Ascend Marks in connection with their apparel and merchandise constitutes unfair competition.

41. Defendants' unauthorized use of the Ascend Marks in connection with their apparel and merchandise constitutes use in commerce of a false or misleading designation of origin that is likely to deceive, to cause mistake, or to cause confusion as to the association of Defendants' products with Bass Pro, and as to Bass Pro's affiliation with Defendants and its sponsorship of Defendants' activities.

42. Defendants' conduct violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' use of the Ascend Marks was undertaken and/or continued with full knowledge of Bass Pro's rights, thus constituting willful unfair competition.

44. Bass Pro has been damaged by the wrongful conduct of Defendants as alleged above.

45. By reason of Defendants' wrongful conduct, Bass Pro is entitled to recover Defendant's wrongful profits and Bass Pro's actual damages, plus enhanced

damages and attorneys' fees and costs as an exceptional case within the meaning of the Lanham Act, 15 U.S.C. § 1117(a).

46.     Defendants' wrongful conduct has caused and, without judicial intervention, will continue to cause Bass Pro irreparable harm for which there is no adequate remedy at law.

**THIRD CLAIM**
**North Carolina Unfair and Deceptive Trade Practices,**
**N.C. Gen Stat. § 75-1.1 *et seq***
**(Against All Defendants)**

47.     Bass Pro restates and re-alleges paragraphs 1-29 of this Complaint as to Defendant AAL and paragraphs 1-31 of this Complaint as to Defendants Collins and Jones.

48.     Upon information and belief, Defendant had prior knowledge of Bass Pro's trademark registration and trademark rights in the Ascend Marks before adoption, use, or attempting to register marks that are the same as, or confusingly similar to, the Ascend Marks.

49.     Upon information and belief, Defendants commenced use of the Ascend Marks with the intent to infringe the Ascend Marks, or at a minimum were willfully blind to Bass Pro's trademark rights in the Ascend Marks.

50.     The activities of the Defendants as described in the foregoing paragraphs, and in each claim for relief asserted in this Complaint, constitute unfair methods of competition in or affecting commerce and/or unfair and deceptive acts

or practices in or affecting commerce in North Carolina and have proximately caused and are proximately causing injury to Bass Pro. Thus, these activities violate the North Carolina statutory prohibition of unfair and deceptive trade practices. N.C. Gen. Stat. § 75-1.1 *et seq.*

51. By reason of the foregoing, Bass Pro is entitled to recover from Defendants, treble damages and reasonable attorney's fees, pursuant to N.C. Gen. Stat. § 75-16 and § 75-16.1.

## FOURTH CLAIM
### North Carolina Common Law Unfair Competition
### (Against All Defendants)

52. Bass Pro restates and re-alleges paragraphs 1-29 of this Complaint as to Defendant AAL and paragraphs 1-31 of this Complaint as to Defendants Collins and Jones.

53. Defendants' actions constitute unfair competition under the common law of North Carolina. Defendants' unauthorized use of marks that are the same as, or confusingly similar to, the Ascend Marks in connection with their apparel and merchandise has caused, and unless enjoined, will continue to cause, confusion or misunderstanding among the consuming public as to the affiliation, connection, or association between Defendants and Bass Pro and/or as to the sponsorship or approval by Bass Pro of Defendants' products and services.

54.     Defendants have acted in bad faith by intentional use of marks that are the same as, or confusingly similar to, the Ascend Marks to profit from the goodwill associated with the Ascend Marks.

55.     Bass Pro and the public have been and are likely to continue to be damaged as a result of Defendants' unfair competition.  Unless enjoined by this Court, Defendants will continue the foregoing unfair competition, causing Bass Pro immediate and irreparable damage.

56.     Upon information and belief, Defendants have and will continue to profit from their unfair competition.  Defendants' actions are causing and will cause Bass Pro monetary damage in amounts presently unknown but to be determined at trial.

57.     Bass Pro has no adequate remedy at law.  Bass Pro will be irreparably injured because of its loss of goodwill and reputation stemming from Defendants' actions.  Therefore, Defendants' activities constitute unfair competition and unfair and deceptive acts and practices in the State of North Carolina pursuant to the common law of North Carolina.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1.     For judgment in favor of Plaintiff and against Defendants on all of Plaintiff's claims;

2.     For a preliminary and permanent injunction prohibiting Defendant AAL and each of its respective owners, officers, directors, agents, servants, employees, attorneys, and all others in active concert or participation with them, as well as Defendants Collins and Jones, each individually or through any corporation, partnership, subsidiary, division, or trade name, from the following:

a.     further infringing use of the Ascend Marks or any other copy, reproduction, or colorable imitation or simulation of the Ascend Marks, either alone or in combination with other words, names, or symbols, on or in connection with any apparel, or other goods or services;

b.     using any trademark, service mark, name, logo, design, color scheme, or source designation of any kind in connection with Defendants' clothing or other goods or services, or the goods or services of any entity with which Defendants are associated or affiliated, that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by the Plaintiff; or are sponsored or authorized by or in any way connected or related to the Plaintiff; or representing, implying, or suggesting to any third party that Defendants or their products or services are affiliated with,

sponsored by, licensed by, or otherwise associated with the Plaintiff;

    c.    passing off, palming off, or assisting in passing off or palming off, Defendants' clothing or other goods or services, or the goods or services of any entity with which Defendants are affiliated or associated, as those of the Plaintiff, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

    d.    using, registering, or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating any mark that infringes or is likely to be confused with the Ascend Marks or any goods or services of Plaintiff;

    e.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by the Court's granted relief; and

    f.    otherwise unfairly competing with the Plaintiff;

3.    For an order requiring Defendants to immediately direct all wholesalers, distributors, retailers, consignors, marketers, and other establishments and individuals that distribute, advertise, promote, sell, or offer for sale Defendants' products to cease forthwith the sale, offer for sale, advertising, and promotion of all of Defendants' products prohibited by Paragraphs 2(a)-(c);

4.     For an order requiring that all of Defendants' products and advertising materials using the Ascend Marks or any other copy, reproduction, or colorable imitation or simulation of the Ascend Marks be seized and impounded and that all of these items be destroyed;

5.     For an order directing, pursuant to 15 U.S.C. § 1116(a), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or after such period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith;

6.     For an order directing an accounting and judgment be rendered against Defendants for:

      a.     all damages Plaintiff has incurred as a result of Defendants' unlawful conduct, as provided for in 15 U.S.C. § 1117;

      b.     all profits received by Defendants as a result of their unlawful conduct for products found to violate Plaintiff's rights, as provided for in 15 U.S.C. § 1117;

      c.     an award of treble damages to Plaintiff for Defendants' willful and deliberate conduct based on Defendants' intentional use of the Ascend Marks and intentional effort to pass off Defendants' products, pursuant to 15 U.S.C. § 1117;

d.   an award to Plaintiff of punitive damages, to the extent awardable, for Defendants' state law violations pursuant to N.C. Gen. Stat. § 75-16;

e.   an award to Plaintiff for costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §§ 1114 and 1117; and

f.   an award to Plaintiff for interest, including prejudgment and post-judgment interest, on the foregoing sums;

7.   For such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Bass Pro demands trial by jury of all issues so triable.

DATED: May 31, 2023          Respectfully submitted,

KING & SPALDING LLP

  s/   *Antonio E. Lewis*
Antonio E. Lewis
  N.C. Bar No. 35409
300 S Tryon Street, Suite 1700
Charlotte, North Carolina 28202
Telephone: (704) 503-2600
Facsimile: (704) 503-2622
alewis@kslaw.com

Russell E. Blythe
  *pro hac vice* to be filed
Michael Nunnally
  *pro hac vice* to be filed
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5134
rblythe@kslaw.com
mnunnally@kslaw.com

Richard Groos
  *pro hac vice* to be filed
500 W. 2nd Street
Austin, Texas 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100
rgroos@kslaw.com

*Counsel for Plaintiff*
*Bass Pro Intellectual Property, L.L.C.*